IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN RAMOS, | No. 2:19-CV-1468-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JEAN WEISS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No. 1). Also before the court is plaintiff's motion for expedited screening (ECF No. 7).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff Benjamin Ramos names the following as defendants: (1) Jean Weiss (J. Weiss), (2) Richard Weiss (R. Weiss), (3) Christopher Smith, and (4) K. Richardson. Plaintiff is an inmate at Mule Creek State Prison (MCSP) in Ione, California.

MCSP utilizes "black box" restraints to transport inmates outside of the prison. The black box is an eight-pound metal box which is used to attach a prisoner's waist chains and his left and right handcuffs to the center of his body. Plaintiff alleges the black box exerts constant twisting pressure on a prisoner's wrists and shoulders, resulting in physical pain after prolonged use. See ECF No. 1, pgs. 5-6.

On November 15, 2017, R. Weiss, plaintiff's primary care physician, had plaintiff transported out of the prison to San Joaquin General Hospital for treatment. He was placed in black box restraints for an estimated 8.5 hours. Plaintiff suffered constant pain in his wrists and shoulders. At the hospital, plaintiff was diagnosed with prostate cancer. Id.

Following this visit, R. Weiss told plaintiff he was having him sent to San Joaquin for follow-up treatment. Plaintiff told R. Weiss that the black box was causing him great physical pain, but R. Weiss did not order him an accommodation despite having to authority to do so. Id.

Under the orders of R. Weiss and Christopher Smith, the Chief Physician and Surgeon for MCSP, plaintiff made follow-up visits for medical treatment on April 23 and May 15, 2018. On both occasions plaintiff was restrained with the black box and suffered physical pain as a result. Id. at pgs. 8-9.

///

2

| | |
|---|---|
| 1 | On June 13, 2018, Plaintiff again complained of the pain caused by wearing the black box during his medical visits. On that same day, R. Weiss diagnosed plaintiff as having pain in his right hand. Id. |

On June 13, 2018, Plaintiff again complained of the pain caused by wearing the black box during his medical visits. On that same day, R. Weiss diagnosed plaintiff as having pain in his right hand. Id.

On the orders of R. Weiss and Smith, plaintiff made two more follow up medical visits on August 27 and October 12, 2018. He was again restrained with the black box and suffered pain. Id. at pgs. 8-12.

On December 3, 2018, plaintiff submitted a request for a medical accommodation to allow him to travel for treatment without the black box restraint. In stating the reasons for his request, plaintiff cited his advanced age, his having arthritis, and the constant pressure on his wrists and shoulders. Id.

On December 6, 2018, R. Weiss filled out a medical form outlining many of plaintiff's physical disabilities. R. Weiss described plaintiff as having severe orthopedic conditions of the hips, knees, ankles, feet, and upper extremities. Id. at pg. 14.

On December 11, 2018, Smith and Jean Weiss, Associate Warden for Americans with Disabilities Act prisoners at MCSP, denied plaintiff's request. Plaintiff was informed that he did not meet the criteria for "special cuffing" during transports. See ECF No. 1, pg. 12

On January 29, 2019 C. Smith denied plaintiff's appeal. Plaintiff contends that C. Smith denied his appeal as a sort of retaliation for plaintiff's repeated complaints to R. Weiss. Id. at pg. 14,15.

On April 17, 2019 R. Weiss submitted a request for hand surgery for the plaintiff's right wrist, citing a collapse of the carpal bone. Id. at pg. 16.

On April 30, 2019, plaintiff's medical appeal was denied at the third and final level. Id.

On May 15, 2019, an X-ray of plaintiff's right hand ordered by R. Weiss found an increase in pain and mild to moderate arthropathy involving the second and third MCP joints. Id.

///
///
///

3

| | |
|---|---|
| 1 | On June 20, 2019, per R. Weiss and Smith's orders, plaintiff was transported out |
| 2 | for medical treatment. R. Weiss had prescribed wrist bandages to plaintiff for his injuries, but |
| 3 | plaintiff was still placed in black box restraints for roughly 8 hours. When the restraints were |
| 4 | removed, plaintiff's wrists were revealed to have burst into lesions. <u>Id.</u> |

## II. DISCUSSION

### A. Causal Connection

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

#### 1. K. Richardson

Here, as to defendant K. Richardson, plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Plaintiff has not articulated any actual connection between Richardson's conduct and the alleged deprivation of plaintiff's rights. Beyond identifying Richardson as the "Correctional Counselor II for ADA" in the listing of defendants, plaintiff has completely omitted the defendant from his complaint. See ECF No.1, pg. 2. There is no reference to Richardson in the plaintiff's factual allegations and the complaint is silent as to his association with the claims at issue.

///

///

### 2. Jean Weiss

Here, as to defendant Jean Weiss, plaintiff has also failed to state a cognizable claim under 42 U.S.C. § 1983. The extent of the complaint's mention of J. Weiss is that he or she denied plaintiff's request for a medical accommodation on December 11, 2018, and that he or she had independent authority to grant such an accommodation. Plaintiff does not mention what J. Weiss's responsibilities to the plaintiff were, nor the degree to which J. Weiss was aware of his injuries. Plaintiff simply states that J. Weiss denied the first of what would ultimately be three separate appeals for medical accommodation without describing what effect this specific action had on his alleged injuries.

### 3. Christopher Smith

Here, as to defendant Christopher Smith, plaintiff has also failed to state a cognizable claim under 42 U.S.C. § 1983. It is unclear to what degree Smith was involved in plaintiff's medical treatment beyond organizing some of plaintiff's outside medical visits with R. Weiss. It is uncertain whether Smith was responsible for providing medical care to plaintiff or to what degree he was aware of plaintiff's injuries. Also, plaintiff alleges that Smith denied his accommodation appeal at the second level because he "refu[sed] to cooperate with Defendants Richard Weiss's and Smith's desires to torture Plaintiff in return for providing Plaintiff necessary medical care." ECF No.1, pg. 15. This however, is a conclusory allegation at best. It is unclear if plaintiff is alleging that R. Weiss and Smith conditioned his access to medical treatment on his wearing the black box restraints. Nor is it clear if plaintiff is suggesting that Smith was aware of his discomfort at wearing the restraints and denied the requests for an accommodation for the purpose of causing the plaintiff pain. Therefore, there are insufficient facts from which a causal connection can be made between Smith's individual conduct and plaintiff's claim of deliberate indifference.

/ / /

/ / /

/ / /

/ / /

**B.      Deliberate Indifference**

As to defendant R. Weiss, has failed to allege facts which give rise to a claim of deliberate indifference.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, plaintiff's condition is sufficiently serious to make out an 8th Amendment claim. For a period of over one-year, plaintiff alleges that he was subjected to hours of excruciating pain to his wrists and upper extremities as a result of the black box restraint. Also, plaintiff has alleged facts which plausibly suggest that R. Weiss's medical attention, or lack thereof, contributed to plaintiff's suffering. From November 15, 2017 to January 20, 2019, R. Weiss was aware that the black box restraint was causing severe pain to plaintiff. Yet, despite having the authority to issue a medical accommodation, did not do so.

However, these allegations, if true, do not give rise to a claim of deliberate indifference. The complaint makes no suggestion that, in failing to grant plaintiff an accommodation, R. Weiss acted wantonly for the purpose of causing plaintiff harm. Nothing in the facts suggests that R. Weiss's inaction was set out with the deliberate purpose of hurting the plaintiff. The facts do not even allege that plaintiff made a direct request to R. Weiss for an accommodation. While the complete denial of medical attention may constitute deliberate indifference, R. Weiss did not completely withhold medical treatment. On the contrary, as the facts state, R. Weiss continually diagnosed the plaintiff, requested surgeries and X-rays for the plaintiff, and sent him out for treatment.

///

///

The main thrust of plaintiff's claim is that R. Weiss failed to allow him to travel in modified restraints. However, a difference of opinion as to the course of a prisoner's medical treatment does not establish deliberate indifference. R. Weiss did eventually provide plaintiff with wrist-bandages to ease the pain caused by the black box, even though plaintiff argues they did not help. As currently pled, R. Weiss's failure to act sooner in the face of plaintiff's pain at most gives rise to a claim of negligence. While this may be sufficient to allege common law medical malpractice, it does not establish an 8th Amendment claim.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order; and
3. Plaintiff's motion for expedited screening (ECF No. 7) is denied as moot;

Dated: October 4, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE